**WARD v. McCUTCHEON.**
No. 74-10, 488-14.
Circuit Court, Pinellas County.
April 3, 1975.

Stephen G. Beneke, Belleair Beach, for the plaintiff.

Jack Clark of Harris, Clark, Green & Piper, St. Petersburg for the defendant.

B. J. DRIVER Circuit Judge.

*Final judgment:* This cause coming on to be heard before the undersigned for final hearing on March 19, 1975, and the court having heard testimony of witnesses for plaintiff and defendant and argument of counsel, finds as follows —

This matter involves a boundary line dispute between plaintiff and defendant in reference to portions of Lot 20, in the Southwest Quarter of Section 23, Township 30 South, Range 15 East, as shown by plat of Pinellas Groves, Inc., recorded in plat book 1, page 55, Pinellas County Records.

The crux of the dispute involved herein is the determination of the north boundary line of Lot 20 — the location of the north lot line will be determinative of the location of the boundary line in dispute.

Plaintiff contends that the north lot line is located on the 40-acre line running along the northern side of the Northwest Quarter of the Southeast Quarter of the Southeast Quarter of Section 23-30-15, while defendant contends that the north lot line is located 15 feet south thereof.

The original plat of Pinellas Groves was filed in 1912 in the public records of Hillsborough County, of which Pinellas County

was formerly a part. Said plat was filed by Pinellas Groves, Inc. The law requiring persons filing plats to dedicate streets was enacted subsequent to the filing of the plat, and the plat is silent as to any such dedication. This plat, like many others which were filed during this period of time, has certain lines drawn thereon but unidentified, which have generally been considered to be roads.

There was filed in evidence in this cause, among other things, a "bond for warranty deed," which was issued by Pinellas Groves, Inc. to one W. K. Goodrich, which was filed on February 1, 1910, in deed book 105, page 132, of the public records of Hillsborough County of which Pinellas County was formerly a part. Said bond for warranty deed covered certain lands located within the area which was subsequently platted. This instrument contained a hand-drawn sketch of a one-quarter section of the area showing said one-quarter section in detail as the same was divided into 32 tracts of five acres each. The sketch shows certain areas thereon which appear to be obviously intended as roads. The lot lines as shown in the sketch do not encroach into the roadway area, and the measurements for each side of the lots, as shown in the sketch, indicate that the lots, exclusive of roads, contained five or more acres of ground. The note accompanying the sketch in the bond for warranty deed contained the following language —

> "The above diagram represents one-quarter section, 160 acres of land, as per United States Government survey, divided into thirty-two tracts of five acres each. It will be noted that by this arrangement every tract fronts on a section or half-section line. In every deed we reserve fifteen feet next to these lines right-of-way for public highways as indicated above."

The court finds this sketch and its accompanying note, which was filed for record by the original developer, to be highly persuasive as to the developer's intent at the time when said plat was filed and such intent to be determinative of the issues herein.

The court, therefore, accordingly finds that the north lot line of Lot 20 was intended to be located, as contended by the defendant herein, to-wit: 15 feet south of the north boundary line of the Northwest Quarter of the Southeast Quarter of the Southeast Quarter of Section 23, Township 30 South, Range 15 East.

It is, therefore, ordered and adjudged that the north lot line of Lot 20, Pinellas Groves, be and the same is hereby established as set forth above herein.